T.C. Memo. 2003-108


UNITED STATES TAX COURT


STEPHEN G. ELEK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14180-01L.                    Filed April 17, 2003.


Stephen G. Elek, pro se.

<u>Diane L. Worland</u>, for respondent.


MEMORANDUM OPINION


GALE, <u>Judge</u>:  This case is before us on respondent's motion for summary judgment on the question of whether he may proceed with collection with respect to certain unpaid taxes of petitioner for the taxable years 1995, 1996, and 1997.  For reasons set forth below, we shall grant respondent's motion.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b);[1] Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

## Background[2]

At the time of filing of the petition in the instant case, petitioner resided in South Bend, Indiana.

---

[1] Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

[2] The facts hereinafter are established in the record and/or undisputed.

On February 18, 1997, respondent sent petitioner a notice of deficiency determining an income tax deficiency plus additions to tax under sections 6651 and 6654 for 1994 and 1995.  Petitioner returned the notice to respondent with the words "Acceptance Refused For Cause Without Dishonor" handwritten thereon and did not petition this Court with respect to the notice. Respondent assessed the unpaid tax, additions to tax, and interest for 1995 on July 14, 1997, and sent petitioner a Statutory Notice of Balance Due on the same date.

On August 27, 1999, respondent sent petitioner a notice of deficiency, determining income tax deficiencies and additions to tax under sections 6651(a)(1) and (2), and 6654 for 1996 and 1997.  Petitioner returned the notice to respondent with the words "Acceptance Refused for Cause Without Dishonor" handwritten thereon and did not petition this Court with respect to the notice.  Respondent assessed the unpaid tax, additions to tax, and interest for 1996 and 1997 on February 7, 2000, and sent petitioner a Statutory Notice of Balance Due on the same date.

On November 20, 2000, respondent sent petitioner a Letter 1058, Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to petitioner's tax liabilities for 1995, 1996, and 1997.  On December 18, 2000, petitioner submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, covering the years in the Letter 1058.  On

the Form 12153, petitioner alleged that the proposed levy was invalid for the following reasons:

> Included with the Notice of Intent to Levy there was no Assessment certificate--which means that no certifying officer is willing to accept responsibility (or liability) for the alleged liability. This fact denies me my opportunity for a meaningful hearing. Unless or until an assessment officer executes an assessment certificate in compliance with 26 CFR 301.6203-1, I am being deprived of PROCEDURAL due process.

On July 25, 2001, an Appeals officer of respondent sent petitioner a letter scheduling a face-to-face meeting for August 16, 2001. Enclosed with the letter were Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters, covering the assessments of petitioner's liabilities for 1995, 1996, and 1997, which the letter stated were provided in response to petitioner's request. On August 13, 2001, petitioner sent respondent a letter requesting that the hearing be conducted through written correspondence. On August 20, 2001, the Appeals officer sent petitioner a letter indicating that she would conduct the hearing through correspondence as petitioner had requested, and requesting that petitioner submit any additional materials or issues that he wished to be considered. No response was received to the Appeals officer's letter.

On November 21, 2001, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) with respect to the unpaid liabilities for 1995, 1996, and 1997. The notice of

determination determined that all applicable laws and administrative procedures had been met. As to petitioner's allegation that he had not received an "assessment certificate", the notice of determination noted that copies of the certified transcripts had been mailed to petitioner on July 25, 2001. The notice of determination concluded that the proposed levy properly balanced efficient collection with any concerns regarding the intrusiveness of the action and that respondent could proceed with collection.

On December 21, 2001, petitioner filed a petition in the instant case. Therein, petitioner renews his claim that there was no assessment certificate included with the Notice of Intent to Levy and that the absence of such a certificate has deprived him of a meaningful hearing. Respondent has conceded in his answer that no certificate of assessment was included with the Notice of Intent to Levy.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand, the Secretary may collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative

Appeals available to the person.

Section 6330 generally provides that the Secretary cannot proceed with collection by levy on any property of any person until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). Where the underlying tax liability is not at issue, the Court will review the Appeals officer's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

In the instant case, it is undisputed that petitioner received notices of deficiency with respect to the underlying tax liabilities for 1995, 1996, and 1997 for which collection is sought. Therefore, we need only decide whether the Appeals officer abused her discretion in determining that collection may proceed.

The only issue raised by petitioner in his request for a hearing and in the petition is his allegation that the Notice of Intent to Levy sent to him by respondent did not include an assessment certificate in compliance with section 301.6203-1, Proced. & Admin. Regs. Petitioner alleges that this failure by respondent has denied him an opportunity for a meaningful hearing. In his response to respondent's motion for summary

judgment, petitioner renews this claim, arguing that it constitutes a genuine issue of material fact. Respondent admits that no assessment certificate was included with the Notice of Intent to Levy; accordingly, no issue of fact arises. Respondent further points out, however, that copies of Forms 4340 covering 1995, 1996, and 1997 were mailed to petitioner on July 25, 2001.

Petitioner's argument that the failure to provide assessment certificates with the Notice of Intent to Levy invalidates the levy or otherwise deprives him of rights to which he is entitled has no merit. There is no requirement that a certificate of assessment be provided with a levy notification. Sections 6330 and 6331, which establish requirements for information to be included with a notice of levy, make no mention of an assessment certificate or other proof of assessment as an item of information to be so included. Respondent treated petitioner's reference in his hearing request to his rights under section 301.6203-1, Proced. & Admin. Regs., as constituting a request for a copy of the record of assessment for the liabilities sought to be collected. Respondent provided Forms 4340 in response thereto on July 25, 2001. Thus, there is no showing of any violation of petitioner's rights under section 6203. Further, petitioner was offered a hearing through either a face-to-face meeting or by means of correspondence and did not avail himself of either opportunity.

As no material fact is disputed and the only argument raised by petitioner in this proceeding is unavailing, respondent is entitled to judgment as a matter of law, and we so hold.  We shall therefore grant respondent's motion for summary judgment. To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.